UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHADWICK DENNIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2780** |
| **STATE OF LOUISIANA** | **SECTION "S"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Chadwick Dennis, is incarcerated in the David Wade Correctional Center in Homer, Louisiana.[2]  On December 1, 1998, Dennis was charged by bill of information in Jefferson Parish with one count of aggravated battery.[3]  The Louisiana Fifth Circuit Court of Appeal summarized the facts determined at trial as follows:

> This case involves a shooting that occurred on August 12, 1998.  The shooting took place on Walker Neal Avenue in River Ridge.  The shooting was precipitated by an argument between Sean Fisher and Antonio Fenderson.  This argument concerned Tabitha Phillips, Fenderson's girlfriend, and Fisher's next door neighbor.
>
> On August 12, Fenderson went to Fisher's to talk to him.  While Fenderson was at the Fisher house, an argument erupted between Fenderson, Fisher and Fisher's mother.  At this point, Fenderson returned to Phillips' house.  Fisher also left after the initial argument and went to his grandmother's house.
>
> Later that night Fisher returned home with his brother-in-law.  When he arrived, Fenderson and Defendant were standing outside.  Defendant asked which of the two men was Sean, and Fisher stated that he was Sean.  When Fisher told Defendant who he was, Defendant shot him.  After shooting Fisher, Defendant fled the scene.  Fisher later identified Defendant's picture in a photographic lineup, and Defendant was arrested.

State v. Dennis, 777 So.2d 569, 570-71 (La. App. 5th Cir. 2000); State Record Volume 1 of 6, Louisiana Fifth Circuit Opinion, 00-KA-182, pp. 1-2, December 13, 2000.

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 6, Bill of Information, 12/1/98.

2

Dennis was tried before a jury on April 21, 1999, and was found guilty as charged.[4] The state trial court denied Dennis's motion for a new trial on June 28, 1999.[5] The court sentenced Dennis on November 12, 1999, to serve ten years in prison at hard labor.[6]

The State later filed a multiple offender bill on February 7, 2000.[7] At a hearing on July 27, 2000, the court adjudicated Dennis a multiple offender and resentenced him to serve life in prison without benefit of parole, probation or suspension of sentence.[8] Dennis did not appeal the multiple offender proceedings or sentence.

On direct appeal to the Louisiana Fifth Circuit, Dennis's counsel asserted three errors:[9] (1) The trial court allowed the State to present an officer's recollection of Dennis's oral statement which differed from the statement disclosed to the defense. (2) The evidence was insufficient to support the conviction. (3) The jury convicted him under a statute that was unconstitutionally broad in scope. The court affirmed the

---

[4] St. Rec. Vol. 1 of 6, Trial Minutes, 4/21/99; Jury Verdict, 4/21/99; St. Rec. Vol. 5 of 6, Trial Transcript, 4/21/99.

[5] St. Rec. Vol. 1 of 6, Minute Entry, 6/28/99; St. Rec. Vol. 5 of 6, Hearing Transcript, 6/28/99.

[6] St. Rec. Vol. 1 of 6, Sentencing Minutes, 11/12/99; St. Rec. Vol. 5 of 6, Sentencing Transcript, 11/12/99.

[7] St. Rec. Vol. 1 of 6, Multiple Bill, 2/7/00.

[8] St. Rec. Vol. 1of 6, Multiple Bill Hearing Minutes, 7/27/00.

[9] St. Rec. Vol. 1 of 6, Appeal Brief, 00-KA-182, 6/5/00.

3

conviction on December 13, 2000, finding the claims meritless.[10]  However, the court remanded the matter for the trial court to advise Dennis of the delays for seeking post-conviction relief.

The Louisiana Supreme Court denied Dennis's subsequent writ application without stated reasons on November 21, 2001.[11]  His conviction and sentence became final ninety (90) days later, on February 19, 2002, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

Almost one year later, on February 11, 2003, Dennis signed and submitted an application for post-conviction relief to the state trial court in which he asserted the following grounds for relief:[12] (1) Counsel denied him the right to testify. (2) The state trial court improperly found that he was a multiple offender. (3) He was denied effective assistance of counsel when counsel abandoned the alibi defense. (4) The state trial court failed to advise him of the right to remain silent at the multiple offender arraignment. (5)

---

[10]Dennis, 777 So.2d at 569; St. Rec. Vol. 1 of 6, 5th Cir. Opinion, 00-KA-182, 12/13/00.

[11]State v. Dennis, 802 So.2d 629 (La. 2001); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2001-KH-0163, 11/21/01; La. S. Ct. Writ Application, 01-KH-0163, 1/17/01 (dated 1/13/01); St. Rec. Vol. 1 of 6, La. S. Ct. Letter, 2001-KH-163, 1/18/01.

[12]St. Rec. Vol. 2 of 6, Application for Post-Conviction Relief, 2/25/03 (dated 2/11/03).

4

Counsel provided ineffective assistance during the multiple offender proceedings. The state trial court denied relief on March 10, 2003, finding no merit in the claims.[13]

The Louisiana Fifth Circuit denied Dennis's related writ application on May 5, 2003, finding no error in the trial court's ruling.[14] The Louisiana Supreme Court also denied Dennis's writ application without stated reasons on May 7, 2004.[15]

Nine months later, on February 21, 2005, Dennis submitted a motion to the state trial court to correct an illegal sentence because he was not provided a jury during the multiple offender proceedings.[16] On March 3, 2005, the state trial court determined that Dennis's arguments should have been brought in a properly filed application for post-conviction relief and denied the motion without prejudice.[17] Dennis did not seek review of this ruling.

---

[13]St. Rec. Vol. 2 of 6, Trial Court Order, 3/10/03.

[14]St. Rec. Vol. 2 of 6, 5th Cir. Order, 03-KH-520, 5/5/03.

[15]State ex rel. Dennis v. State, 872 So.2d 1076 (La. 2004); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2003-KH-1613, 5/7/04; La. S. Ct. Writ Application, 03-KH-1613, 6/10/03 (dated 5/19/03).

[16]St. Rec. Vol. 2 of 6, Motion to Correct an Illegal Sentence, 2/24/05 (dated 2/21/05).

[17]St. Rec. Vol. 2 of 6, Trial Court Order, 3/3/05.

Dennis submitted a second motion on May 16, 2005, seeking to vacate and correct his sentence on the same grounds.[18] The state trial court denied the motion as meritless on May 23, 2005.[19] Dennis did not seek further review of this order.

More than one year later, on August 28, 2006, Dennis signed and submitted another motion to the state trial court seeking to correct his sentence based on the 2006 revision to La. Rev. Stat. § 15:308, which required retroactive application of more lenient sentencing provisions passed in 2001 and which were not applied to his multiple offender sentence.[20] The state trial court denied the motion without stated reasons on September 7, 2006.[21] Dennis did not seek review of this ruling.

Almost one year later, on August 10, 2007, Dennis signed and submitted an application for post-conviction relief to the state trial court in which he asserted the following grounds for relief: (1) The State failed to present competent evidence of his prior convictions during the multiple offender proceedings. (2) He was denied effective assistance of counsel during the multiple offender proceeding when counsel failed to move for a continuance for time to investigate.

---

[18] St. Rec. Vol. 2 of 6, Motion to Vacate and Correct an Illegal Sentence, 5/19/05 (dated 5/16/05).

[19] St. Rec. Vol. 2 of 6, Trial Court Order, 5/23/05.

[20] St. Rec. Vol. 2 of 6, Motion to Correct an Illegal Sentence, 8/31/06 (dated 8/28/06).

[21] St. Rec. Vol. 2 of 6, Trial Court Judgment, 9/7/06.

On September 6, 2007, the state trial court denied the application because Dennis failed to complete all parts of the required form petition, the petition was successive under La. Code Crim. P. art. 930.4, the petition was untimely pursuant to La. Code Crim. P. art. 930.8 and the asserted grounds were not cognizable on post-conviction review pursuant to La. Code Crim. P. art. 930.3, State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996), and State v. Hebreard, 708 So.2d 1291 (La. App. 4th Cir. 1998).[22]

The Louisiana Fifth Circuit denied Dennis's related writ application on November 28, 2007.[23] The appellate court agreed with the trial court's denial of the application as seeking improper post-conviction review under La. Code Crim. P. art. 930.4(C) and noted that Dennis withdrew the appeal filed after the multiple bill proceedings. Dennis did not seek further review of this ruling.

Almost two years later, on September 4, 2009, Dennis signed and submitted a writ application to the Louisiana Supreme Court seeking reconsideration of his prior pro se post-conviction writ application in the Louisiana Fifth Circuit pursuant to State v. Cordero, 993 So.2d 203 (La. 2008).[24] Per the Cordero procedures, the writ application was transferred to the Louisiana Fifth Circuit on December 18, 2009, where it was

---

[22]St. Rec. Vol. 3 of 6, Trial Court Order, 9/6/07.

[23]St. Rec. Vol. 2 of 6, 5th Cir. Order, 07-KH-881, 11/28/07.

[24]St. Rec. Vol. 6 of 6, La. S. Ct. Writ Application, 09-KH-2012, 9/15/09 (dated 9/4/09); St. Rec. Vol. 3 of 3, La. S. Ct. Letter, 2009-KH-2012, 9/15/09. The Cordero court addressed alleged procedural improprieties and summary dismissal without judicial review of pro se post-conviction writ applications filed in the Louisiana Fifth Circuit between February 8, 1994 and May 21, 2007.

7

docketed for reconsideration under Case No. 09-WR-1121.[25]  On July 15, 2011, the Louisiana Fifth Circuit granted reconsideration in accordance with Cordero and denied relief finding no error in its prior ruling on Dennis's 2003 writ application.[26]  Dennis did not seek review of this ruling.

Almost two years later, on April 15, 2013, Dennis signed and submitted a motion to the state trial court seeking to amend his sentence to comply with the retroactive application of La. Rev. Stat. § 15:308 which had been amended in 2012.[27]  The state trial court denied the motion because the court did not have jurisdiction to commute a final life sentence, a power instead left to Louisiana's executive branch, citing State v. Dick, 951 So. 2d 124 (La. 2007).[28]

The Louisiana Fifth Circuit denied Dennis's related writ application on the same grounds in its reasoned order issued on July 29, 2013.[29]  The Louisiana Supreme Court

---

[25]State ex rel. Dennis v. State, 23 So.3d 940 (La. 2009); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2009-KH-2012, 12/18/09.

[26]St. Rec. Vol. 3 of 6, 5th Cir. Order, 09-WR-1121, 7/15/11.

[27]St. Rec. Vol. 4 of 6, Motion to Amend Sentence, 4/22/13 (dated 4/15/13).

[28]St. Rec. Vol. 4 of 6, Trial Court Order, 5/31/13.

[29]St. Rec. Vol. 4 of 6, 5th Cir. Order, 13-KH-560, 7/29/13.

also denied Dennis's subsequent writ application without stated reasons on May 16, 2014.[30]

## II.  PRIOR AND CURRENT FEDERAL HABEAS PETITIONS

On September 1, 2004, Dennis filed a federal habeas corpus petition in this court, asserting that his counsel provided ineffective assistance when he refused to allow him to testify at trial, abandoned the alibi defense and did not challenge the evidence during the multiple offender proceedings.[31] The United States Magistrate Judge then assigned to that case recommended that Dennis's petition be denied with prejudice as time-barred on July 29, 2005.[32] The District Judge subsequently approved and adopted the report and recommendation, denied and dismissed Dennis's habeas corpus petition on November 14, 2005.[33] Dennis did not appeal that ruling.

---

[30] State ex rel. Dennis v. State, 139 So.3d 1020 (La 2014); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2013-KH-2072, 5/16/14; La. S. Ct. Writ Application, 13-KH-2072, 8/29/13 (dated 8/23/13); St. Rec. Vol. 4 of 6, La. S. Ct. Letter, 2013-KH-2072, 8/29/13.

[31] C.A. No. 04-2164"S"(6) (E.D. La.), Rec. Doc. No. 2.

[32] C.A. No. 04-2164"S"(6) (E.D. La.), Rec. Doc. No. 6.

[33] C.A. No. 04-2164"S"(6) (E.D. La.), Rec. Doc. Nos. 7, 8.

On December 5, 2014,[34] Dennis executed this second petition for federal habeas corpus relief in this court, asserting four grounds for relief:[35] (1) The Louisiana Legislature did not give or intend to give sentencing power to the executive branch when it enacted La. Rev. Stat. § 15:308. (2) The Louisiana Fifth Circuit erred in denying petitioner's supervisory writ of review based on State v. Dick, 951 So.2d at 124. (3) Louisiana law allows for the correction of an illegal sentence at any time when the sentence exceeds the maximum sentence authorized by law. (4) The petitioner's only remedy is to be resentenced by the state judicial branch.

Pursuant to 28 U.S.C. § 2244(a), a district court lacks jurisdiction to consider a second or successive application or petition, unless the circuit court of appeals first grants the petitioner authorization to file the petition. See 28 U.S.C. §2244(b)(3)(A); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). In this case, however, Dennis's claims are based on changes in the Louisiana sentencing laws which occurred after his first habeas petition was filed and resolved. Because I find that "the factual predicate for the claim

---

[34]The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Dennis's petition was filed by the clerk of this court on December 8, 2014, when pauper status was granted. Dennis dated the signature on the petition on December 5, 2014. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

[35]Rec. Doc. No. 1.

could not have been discovered previously through the exercise of due diligence," Dennis's current petition is an exception to the prohibition against second or successive petitions under 28 U.S.C. § 2244(b)(2)(B)(i). This court has jurisdiction to consider the petition, despite Dennis's prior filing under Section 2254.

In its response in opposition to Dennis's current petition, the State argues that the petition is untimely because it was submitted more than one year after finality of his state conviction.[36] Determination of the timeliness of Dennis's petition is complicated by the nature of his claims, which are based on changes in Louisiana state sentencing laws. It appears that Dennis's claims rely on changes in state law occurring both in 2006, namely the enactment of La. Rev. Stat. § 15:308, and more recently a change in 2012, which eliminated altogether the Louisiana Risk Review Panel, an entity established to review requests for sentencing changes like that sought by Dennis. When Dennis sought relief in the state courts, his application was in part denied pursuant to State v. Dick, 951 So.2d at 124, which held that the requested relief of an amended sentence could not be granted by the courts, but rather that such power, equivalent to commutation, lies solely within the authority of the Louisiana executive branch. In addition, in 2014, La. Rev. Stat. § 15:308 was again amended to include a specific directive that applications for an amended sentence under that provision shall be made "to the committee on parole

---

[36]Rec. Doc. No. 10.

pursuant to R.S. 15:574.2." In its response, the State fails to address the most recent changes in the law as a new basis for a timely petition. However, this court need not resolve this complex timeliness issue, because relief is not warranted even if the application was timely filed.[37]

The claims before this court are that Dennis is entitled to reduction of his sentence under changes in Louisiana law relating to multiple offender sentences, and that the state court's failure to reduce his sentence violated that law. His claims turn squarely on an issue of state law, which the state courts – including the Louisiana Supreme Court – have decided against petitioner. This federal habeas court does not sit to re-examine state court determinations on questions of state law. Estelle v. McGuire, 502, U.S. 62, 67-68 (1991); see Charles v. Thaler, 629 F.3d 494, 500-01 (5th Cir. 2011) ("Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions are state law.") (emphasis in original); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal habeas). In other words, a federal habeas court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." Wilkerson v.

---

[37]A federal habeas court may pretermit a ruling on timeliness when it can more easily dispose of a petition on other grounds. See, e.g., Brooks v. McCoy, No. 11-HC-2222-F, 2012 WL 3629233, at *4 (E.D.N.C. Aug. 22, 2012).

Whitley, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted); see also Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (federal habeas review does not lie for errors of state law); accord Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000); Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990); West v. Johnson, 92 F.3d 1385, 1404 (5th Cir. 1996)); see also Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal habeas review).

Habeas corpus review is limited to questions of constitutional dimension, and federal courts generally do not review questions of state law. Estelle, 502 U.S. at 67-68; Gonzales v. Thaler, 643 F.3d 425, 429 (5th Cir. 2011); Jernigan v. Collins, 980 F.2d 292, 298 (5th Cir. 1992). Instead, federal habeas corpus relief is only properly granted "on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Dennis's arguments are based entirely on a question exclusively governed by state law. They include no allegations of federal constitutional violations that might conceivably support federal habeas relief. His federal application for habeas corpus relief must be dismissed because he has failed to present a cognizable constitutional claim.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Dennis's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[38]

New Orleans, Louisiana, this ____25th____ day of June, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[38] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

14